

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 09-30101-RAL |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO PRODUCE EXCULPATORY EVIDENCE |
| DOMINIC STONEMAN, | * | |
| Defendant. | * | |

### INTRODUCTION

The Defendant requests this Court to order the Government to produce police reports in the possession of the Rosebud Sioux Tribal Law Enforcement Services that are either exculpatory or impeachment evidence that may be used to impeach J.J.L.C., a minor and a potential Government witness. (Doc. 74).

The Defendant argues that the production of the evidence is required under the Brady rule and under the Defendant's right to confront his accusers as protected by the Sixth Amendment. For the reasons explained below, the motion is denied.

### DISCUSSION

**I. Brady Evidence**

Under Brady v. Maryland, the government must disclose "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963).

1

Impeachment evidence as well as exculpatory evidence falls within the Brady rule. United States v. Bagley, 473 US 667, 676 (1985). Under Brady, impeachment evidence is any "evidence favorable to an accused, so that, if disclosed and used effectively . . . may make the difference between conviction and acquittal." United States v. Conroy, 424 F.3d 833, 837 (8th Cir. 2005) (citing Bagley, 473 U.S. at 676).

The Eighth Circuit Court of Appeals has found that Brady applies to information "exclusively within the prosecutor's control and knowledge." Liggins v. Burger, 422 F.3d 642, 655 (8th Cir. 2005). The Brady rule requires the government to disclose evidence, even if known only to police investigators and not to the prosecutor. The prosecutor has a duty to learn of any evidence favorable to the defense which is known to others acting on the government's behalf in the case, including the police. Strickler v. Greene, 527 U.S. 263, 281 (1999); Kyles v. Whitley, 514 U.S. 419, 437 (1995). In Stickler and Kyles, the state prosecutor failed to disclose exculpatory evidence that was in the possession of the state police. However, the relationship between the prosecutor and the law enforcement in these two cases does not mirror the relationship between the federal prosecutor and the tribal law enforcement here.

The Defendant is charged with a federal crime and, therefore, the evidence in the control of federal police officers or those investigating on the prosecutor's behalf are within the control of the government for purposes of Brady. The Defendant argues that tribal police officers act as agents of the federal government under the "638" Self-Determination Act. Although this Court recognizes that the tribe's law enforcement functions are funded under a contract with the Bureau of Indian Affairs, it does not find that the tribal police officers are, in fact, federal officers.

Under the Indian Self-Determination Education Assistance Act ("Self-Determination Act"), as authorized by 25 U.S.C. § 450f, the law enforcement functions on the Rosebud Sioux Indian Reservation are funded by a 638 contract with the Bureau of Indian Affairs. These contracts are referred to as "638" contracts because they are authorized by Pub. L. 93-638. The language of such a contract does not transform an officer employed by the tribal police department into a federal law enforcement officer. See United States v. Schrader, 10 F.3d 1345,1350 (8th Cir. 1993); Locke v. United States, 215 F. Supp. 2d 1033, 1038 (D.S.D. 2002). Rather, the officer is merely designated by the Bureau of Indian Affairs to execute the responsibilities of the Rosebud Sioux Tribal Law Enforcement Services. See Schrader, 10 F.3d at 1350.

The Government cannot produce what it does not have. Because the evidence and information within the control of the Rosebud Sioux Tribal Law Enforcement Services is not within the control of the Government, it is not required to produce the evidence to the Defendant under Brady.

## II. Sixth Amendment

The Defendant also argues that the Defendant's constitutional right to confront his accusers entitles him to the tribal police records regarding J.J.L.C. Although the Defendant's Sixth Amendment right to confront his accusers would supercede the interest in confidentiality for juvenile defendants, see Davis v. Alaska, 415 U.S. 308, 317-18 (1974), the evidence requested by the Defendant is not covered under Brady, and the Government is not required to produce it to the Defendant. The Sixth Amendment does not require the Government to produce

evidence outside of its control merely because it may be useful to a defendant when cross-examining a witness.

The Defendant cites Supreme Court precedent which protects the right of effective cross-examination by allowing a defendant to question a witness about his prior juvenile record in order to show his bias. See Davis v. Alaska, 415 U.S. 308, 317-18 (1974). Under Davis, the right to cross-examine an accuser includes the right to question him about *why* he might be biased, including the fact that he was on juvenile probation, so that the jurors can draw inferences relating to the witness's reliability. Id. at 318. However, Davis stands for the principle that the defendant's right to confront the witnesses against him encompasses the right to effectively cross-examine and attack a witness's credibility, but does not stand for the principle that the right to confront witnesses encompasses the right to have the government produce impeachment evidence that is not in its possession.

## CONCLUSION

Therefore, it is hereby

ORDERED that Defendant's motions for the production of exculpatory information and evidence and impeachment evidence in the possession of the Rosebud Sioux Tribal Law Enforcement Services (Doc. 74) is denied.

Dated July 8, 2010.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE